UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 3: 09-07-DCR |
| ) | and |
| V. ) | Civil Action No. 3: 16-71-DCR |
| ) | |
| JERRY LEE SARGENT, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jerry Sargent pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and was sentenced to a term of 327 months' imprisonment. [Record Nos. 74, 76]  The United States Court of Appeals for the Sixth Circuit affirmed Sargent's sentence on January 9, 2012.  [Record No. 95]  Thereafter, Sargent filed an untimely *pro se* motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.  [Record No. 106]  Sargent appealed the denial of his § 2255 motion to the Sixth Circuit, but was unsuccessful.  [Record No. 115]  On September 14, 2016, the Sixth Circuit granted Sargent permission to file a second or successive petition under § 2255 to determine whether he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  [Record No. 118]  Sargent's § 2255 motion [Record No. 120] has been briefed and is ripe for decision.

Under the Armed Career Criminal Act (hereafter, "the ACCA" or "the Act"), 18 U.S.C. § 924(e), any person who violates 18 U.S.C. § 922(g) and has three previous convictions for violent felonies or serious drug offenses, faces a mandatory minimum sentence of fifteen years

of imprisonment. § 924(e)(1). The Act defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). This is known as the "force clause." The Act further defines "violent felony" as a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). This is the ACCA's "residual clause." In *Johnson*, the Supreme Court determined that the residual clause was unconstitutionally vague. 135 S. Ct. at 2557. Accordingly, crimes falling under the residual clause no longer count as predicate convictions under the ACCA.

Sargent's sentence was enhanced under the ACCA based on the following prior convictions: arson; first-degree wanton endangerment;[1] trafficking more than five pounds of marijuana; and first-degree rape. Sargent's conviction for trafficking more than five pounds of marijuana qualifies as a serious drug offense and is not impacted by the holding in *Johnson*. *See* § 924(e)(2)(A)(ii). Likewise, arson is an enumerated violent felony within the ACCA and does not fall within the residual clause that was invalidated by *Johnson*.[2]

In 1987, Sargent was convicted of first-degree rape in Kentucky. The first-degree rape statute can be violated in two ways: (1) by engaging in sexual intercourse with another person by forcible compulsion or (2) by engaging in sexual intercourse with a person who is incapable

---

[1] The United States concedes that Sargent's 1977 and 1988 convictions in Kentucky for wanton endangerment are no longer valid predicate offenses under the ACCA, as wanton endangerment qualified as a "violent felony" under the ACCA's residual clause prior to *Johnson*. *See United States v. Meeks*, 664 F.3d 1067, 1069–70 (6th Cir. 2012).

[2] Sargent contends that the arson conviction cannot be counted as an ACCA predicate because the conviction was reversed. The Court need not analyze the argument, however, because Sargent has provided no evidence that his arson conviction was reversed.

of consent because of physical helplessness or age. K.R.S. § 510.040(1). Because first-degree rape may or may not be accomplished through the use of force, the Court may apply the modified-categorical approach and consult Sargent's indictment to determine which portion of the statute was violated. *See Descamps v. United States*, 133 S. Ct. 2276, 2284–85 (2013). Here, Sargent was indicted for and convicted of multiple counts of "engaging in sexual intercourse . . . through the use of forcible compulsion." [Record Nos. 124–1, 124–2] In this context, forcible compulsion is defined as sexual intercourse that was the result of an act or threat of physical force. *See Yates v. Com.*, 430 S.W.3d 883, 890 (Ky. 2014). Accordingly, the conviction for first-degree rape falls under the ACCA's "use of force" clause and is not affected by the holding in *Johnson*. This conviction, along with Sargent's previous convictions for arson and marijuana trafficking, constitute the requisite three predicates for his enhancement under the ACCA.

The Court notes that Sargent was also convicted of armed robbery in Clark County, Indiana in 1988. This Indiana conviction was included in Sargent's Presentence Investigation Report and alluded to during the sentencing hearing, although not explicitly relied upon in forming the basis for Sargent's ACCA enhancement. While Sargent filed objections regarding his previous convictions for arson and wanton endangerment, there was no objection regarding the armed robbery conviction.

Indiana's robbery statute can be violated by "using or threatening the use of force on any person" or "by putting any person in fear." I.C. § 35-42-5-1. The Seventh Circuit has determined that, regardless of how the statute is violated, it is categorically a violent felony under the ACCA's "use of force clause." *United States v. Duncan*, 833 F.3d 751, 752 (7th Cir.

2016). Accordingly, Sargent's 1988 Indiana conviction for armed robbery constitutes an additional predicate conviction under the ACCA.

A Certificate of Appealability issues "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the district court has denied the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists could differ with respect to the district court's resolution. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Sargent has not raised a meritorious argument regarding a constitutional right. Reasonable jurists would not conclude that the Court's assessment is debatable and, therefore, a Certificate of Appealability will not be issued.

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

1. Sargent's Second or Successive Motion to Vacate under 28 U.S.C. § 2255 is **DENIED**.

2. A Certificate of Appealability shall not issue.

3. A judgment in favor of the United States shall issue this date.

This 14th day of November, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge